REVISED January 29, 2013

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2013

Lyle W. Cayce
Clerk

No. 12-30123
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY PAUL SOWDERS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-62-16

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Anthony Paul Sowders pleaded guilty to engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). He was sentenced above the guidelines range of 240 to 293 months of imprisonment to 324 months of imprisonment and a lifetime of supervised release. Sowders contends that his sentence is substantively unreasonable based on the facts of his case and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because U.S.S.G. § 2G2.6, the Sentencing Guideline for engaging in a child exploitation enterprise, is itself unreasonable.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006).

Sowders contends that § 2G2.6 is unreasonable because it lacks an empirical basis, was formulated by Congress, punishes offenders who have no physical contact with a child more harshly than offenders who have physical contact, is premised on an unfounded assumption regarding the risk that the defendant will progress from committing an internet sex offense to a contact offense, and has enhancements for conduct that is inherent in the offense. In United States v. Miller, 665 F.3d 114, 119, 121 (5th Cir. 2011), cert. denied, 132 S. Ct. 2773 (2012), we rejected the argument that similar defects in § 2G2.2, the Guideline for sexual exploitation of a minor, rendered the defendant's sentence substantively unreasonable. By analogy, Sowders cannot demonstrate that his sentence is substantively unreasonable simply because he contends that § 2G2.6 is flawed.

Sowders also contends that his sentence is substantively unreasonable because the district court imposed a sentence based on moral outrage rather than a reasoned analysis of the 18 U.S.C. § 3553(a) factors. He argues that the district court discounted his history and characteristics and lack of physical contact with a victim and instead focused exclusively on a victim-impact

statement. He also argues that the district court engaged in pure speculation by expressing its concern about the possibility of recidivism. In addition, he argues that the national trend of varying downward from the guidelines ranges in child-pornography-related cases shows that the upward variance in this case is even more unreasonable.

Sowders's argument that the trend in varying downward shows that the upward variance in his case is unreasonable is unavailing. See Miller, 665 F.3d at 122. None of Sowders's remaining arguments demonstrates that his sentence fails to account for a § 3553(a) factor that should have received significant weight, relies on an improper factor, or constitutes a clear error of judgment in balancing the relevant § 3553(a) factors. See Smith, 440 F.3d at 708. The district court used strong language in condemning Sowders's conduct, but the district court did so while making an individualized assessment of the § 3553(a) factors. The district court was aware of the mitigating factors but expressly concluded that they were outweighed by the aggravating factors. The district court reasoned that the detrimental effect of Sowders's conduct on the victim and the purposeful and predatory nature of his abuse of that victim outweighed his positive attributes and lack of physical contact with the victim. The district court's concern that Sowders would recidivate was supported by the record evidence of his persistent interest in child pornography.

The district court gave a "thorough justification" for the variance in this case. United States v. McElwee, 646 F.3d 328, 344 (5th Cir. 2011). Given the significant deference that we give to a district court's consideration of the § 3553(a) factors, see Gall, 552 U.S. at 51, and the district court's reasons for its sentencing decision, Sowders has not demonstrated that the sentence is substantively unreasonable, see McElwee, 646 F.3d at 344-45.

The judgment of the district court is AFFIRMED.